UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY SEO PETERSON and the class of persons similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF OKANOGAN; OKANOGAN COUNTY OFFICIALS; STATE OF WASHINGTON; EASTERN STATE HOSPITAL; HAROLD WILSON, his official capacity as CEO of Eastern State Hospital; TREVOR TRAVERS, Ph.D.,<br><br>  Defendants. | No. CV-07-0394-EFS<br><br>**ORDER GRANTING AND DENYING AS MOOT PLAINTIFF'S MOTION AND GRANTING AND DENYING IN PART STATE DEFENDANTS' MOTION TO DISMISS** |

A telephonic hearing was held in the above-captioned matter on March 28, 2008. Plaintiff Jimmy Seo Peterson was represented by Rodney Reinbold. William Williams and Sarah Coats appeared on behalf of the State of Washington, Eastern State Hospital, Harold Wilson, and Trevor Travers (collectively referred to as "State Defendants"); while Brian Huber appeared on behalf of Okanogan County and Okanogan County Officials (collectively referred to as "Okanogan County Defendants"). Before the Court were Plaintiff's Motion to Remand[,] to Amend Complaint[, and] to Stay Federal Proceeding (Ct. Rec. 12) and State Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim (Ct. Rec. 8), which was joined in part by Okanogan County Defendants (Ct. Rec. 14). After reviewing the submitted material and

ORDER - 1

relevant authority and hearing from counsel, the Court was fully informed. This Order serves to supplement and memorialize the Court's oral rulings.

**A.   Background**[1]

In May 2005, Mr. Peterson was arrested and charged in state court with a felony (Possession of Methamphetamine) and a misdemeanor (Use of Drug Paraphernalia). (Ct. Rec. 1 Ex. B. ¶ 21.) Although Mr. Peterson's conduct on the date of arrest indicated that a mental status evaluation was needed, an evaluation of Mr. Peterson was not ordered until June 6, 2005, and did not occur until the fall of 2005 when he was evaluated by Dr. Trevor Travers at Eastern State Hospital. *Id.* ¶¶ 2.9-2.11, 2.17, & 2.24. The evaluation report, which found Mr. Peterson competent, was completed on December 22, 2005.[2] *Id.* ¶¶ 2.25 & 2.26.

Trial was held on March 28, 2006. Mr. Peterson was acquitted of the felony charge and convicted on the misdemeanor charge. *Id.* ¶ 2.24. Although under the state sentencing guidelines the maximum sentence Mr. Peterson was facing was six months, he was incarcerated from May 14, 2005, to March 2, 2006 - a total of 292 days. *Id.* ¶ 2.35.

Mr. Peterson filed this class action complaint in state court on November 16, 2007, seeking to recover damages and injunctive and declaratory relief under 42 U.S.C. § 1983, Washington Constitution

---

[1] At the motion to dismiss stage, the Court must accept as true the allegations in the Complaint and view them in the light most favorable to Plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

[2] This was the second evaluation report prepared by Dr. Trevors for Mr. Peterson; the first evaluation report for a different crime, although during relatively the same time period, found Mr. Peterson incompetent.

ORDER ~ 2

Article I § 22, and the Americans with Disabilities Act.  (Ct. Rec. 1 Ex. B.)  Okanogan County Defendants removed this action on December 11, 2007.  (Ct. Rec. 1.)

**B.   Plaintiff's Motion to Remand[,] to Amend Complaint[, and] to Stay Federal Proceeding**

Plaintiff asked the Court to remand the state law claims and to retain jurisdiction over the federal claims awaiting resolution of the state court matter.  In his reply, Plaintiff withdrew his motion to remand, conditioned upon the State and County of Okanogan's waiver of their Eleventh Amendment sovereign immunity.  Sovereign immunity is an affirmative defense that must be raised by the defendant.  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Because neither State Defendants nor Okanogan County Defendants have asserted sovereign immunity as a defense nor objected to the removal of this action by Okanogan County Defendants, these Defendants waived sovereign immunity.  *See id.*  Therefore, the Court denies as moot Plaintiff's motion to remand and to stay the federal proceeding.

In the event the Court continues to preside over both the state and federal claims, Plaintiff asks for leave to amend the Complaint to assert a claim under the Washington Law Against Discrimination, RCW 49.60.030[3], and a damages claim under the ADA.  To ensure that all

---

[3]   RCW 49.60.030 states:

> The right to be free from discrimination because of race, creed, color, national origin, sex, honorably discharged veteran or military status, sexual orientation, or presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as declared to be a civil right.

ORDER ~ 3

related claims are addressed by this Court, the Court allows Plaintiff to amend the Complaint to add a claim that Defendants' conduct violated RCW 49.60.030 and to assert a damages claim under the ADA.  Plaintiff shall file the Amended Complaint, consistent with the Court's rulings, within one week of entry of this Order.

**C.   Motion to Dismiss**[4]

Defendants ask the Court to dismiss Plaintiff's speedy trial claims and disability-discrimination claims.  Plaintiff opposes the motion, contending that he is entitled to damages and injunctive and declaratory relief as requested under these claims.

1. Speedy Trial Right

A criminal defendant has a constitutional Sixth Amendment right to a speedy trial; this same right is provided by Washington Constitution Article 1 § 22.  Both the U.S. Congress and the Washington Legislature have enacted statutes to enforce these rights.  18 U.S.C. § 3161; Wash. R. Crim. P. 3.3.  A defendant has a right to be brought to trial within seventy (70) days in federal court and sixty (60) days in state court if detained - the "speedy trial period."  However, time necessary to determine the mental competency of a defendant is excluded from the speedy trial period.  18 U.S.C. § 3161(h)(1)(A); Wash. R. Crim. P. 3.3(e)(1).

Plaintiff contends that excluding time for mental evaluation purposes from the speedy trial period violates a defendant's liberty interest to be free from needless and unjustified pretrial

---

[4] Defendants are not seeking dismissal of Plaintiff's "conditions of incarceration" related claims at this time.  (Ct. Rec. 9 p. 6 n.5.)

ORDER ~ 4

incarceration. Defendants argue, even if Plaintiff's speedy trial right was violated, that (1) dismissal of the indictment was the only remedy for this violation, relying upon *Strunk v. United States*, 412 U.S. 434 (1973), and (2) Plaintiff's claims are barred by *Heck v. Humphry*, 512 U.S. 477 (1994). The Court does not read *Strunk* as broadly as Defendants. In *Strunk*, the Supreme Court was asked to determine only whether the proper remedy for a violation of a speedy trial right was dismissal of the criminal indictment in the context of a direct appeal. 412 U.S. at 439-40. The Supreme Court did not analyze whether, following an indictment's dismissal due to a speedy trial violation, the individual would be entitled to damages in a subsequent 42 U.S.C. § 1983 action.

This Court need not resolve this issue either because Plaintiff's indictment was not dismissed and his misdemeanor conviction has not been set aside. Accordingly, the Court agrees with Defendants that Plaintiff's Sixth Amendment speedy trial claims are barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994). The *Heck* bar applies because, if the Court determined that a speedy trial violation had occurred, this ruling would "necessarily imply the invalidity of [Plaintiff's] conviction." *Id.* Therefore, because Plaintiff's misdemeanor conviction has not been set aside, Plaintiff may not pursue any claims alleging that his Speedy Trial rights were violated. *See id.*

The Court also concludes Plaintiff may not also pursue damages for violation of his Washington speedy trial rights. "Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations 'without the aid of augmentative legislation.'" *Blinka v. Wash. State Bar Ass'n*, 109 Wn.

ORDER ~ 5

App. 575, 591 (2001). The Washington Legislature has not created a cause of action for a speedy trial violation.

For these reasons, State Defendants' motion to dismiss Plaintiff's claims based on violations of his federal and state speedy trial rights is granted.

2. <u>Americans with Disabilities Act</u>

Washington Rule of Criminal Procedure 3.3(e)(1) allows the following time to be excluded from a state defendant's speedy trial period:

> All proceedings relating to the competency of a defendant to stand trial on the pending charge, beginning on the date when the competency examination is ordered and terminating when the court enters a written order finding the defendant to be competent.

Plaintiff claims this rule violates the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 *et seq.*, by eviscerating speedy trial rights for individuals who are believed to be mentally disabled. Defendants contend that Plaintiff's ADA claim fails because his proposed injunctive relief will require the State to fundamentally alter the nature of its services - a modification that the ADA does not require.

The ADA prohibits a public entity from discriminating against a disabled[5] individual. 42 U.S.C. § 12132. A public entity is required to make reasonable modifications in policies, practices, or procedures in order to avoid discrimination on the basis of disability; however, the public entity need not "fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). At this

---

[5] An individual who is "regarded as having" a disability is defined as "disabled" under the ADA. 42 U.S.C. § 12102(2).

ORDER ~ 6

stage, when viewing the facts and reasonable inferences therefrom in Plaintiff's favor, the Court denies State Defendants' motion to dismiss the ADA claim.  The Court cannot conclude that Plaintiff's requested relief would fundamentally alter the nature of the State's service of ensuring that a defendant charged with a crime is mentally competent to proceed to trial in a timely fashion.[6]

### 3. Dr. Travers

Defendant Travers asks the Court to dismiss Plaintiff's 42 U.S.C. § 1983 claim grounded on an ADA violation.  Because a § 1983 claim may not be brought against a government employee in his individual capacity for an ADA violation, the Court grants Defendant Travers' limited request.  *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

### 4. Section 1983 Money Damages Claims

Finally, Defendants Wilson, Eastern State Hospital, and the State of Washington ask the Court to dismiss all § 1983 claims for money damages because neither state agencies nor state officials in their official capacities are "persons" subject to suit under § 1983.  In his response, Plaintiff agrees that these Defendants are not liable under § 1983 for money damages because they are not "persons."  Accordingly, the Court dismisses Plaintiff's § 1983 money damages claims against the State of Washington, Eastern State Hospital, and Mr. Wilson in his official capacity.  *See Will v. Mich. State Police*, 491 U.S. 58, 64, 71 (1989).  Plaintiff may continue his § 1983 injunctive relief claims.

For the reasons given above, **IT IS HEREBY ORDERED**:

---

[6] For instance, at this stage, the Court cannot determine that ordering the State to develop timelines such as those enacted by Congress in 42 U.S.C. § 4247(b) would fundamentally alter the nature of the State's service.

ORDER ~ 7

1. Plaintiff's Motion to Remand[,] to Amend Complaint[, and] to Stay Federal Proceeding **(Ct. Rec. 12)** is **GRANTED** (the amended complaint is to be filed within one week) **and DENIED AS MOOT IN PART** (remand/stay request withdrawn).

2. State Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim **(Ct. Rec. 8)** is **GRANTED** (the following claims are dismissed: speedy trial claims, § 1983 ADA claims against Dr. Travers, and § 1983 money damages claims against Defendants Wilson, Eastern State Hospital and the State) **and DENIED IN PART** (ADA claims).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** this ___28th___ day of March 2008.

                              s/ Edward F. Shea
                              EDWARD F. SHEA
                              UNITED STATES DISTRICT JUDGE

Q:\Civil\2007\0394.dismiss.remand.frm

ORDER - 8